UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD A. SPANN-EL,

    Petitioner,

    v.                          CAUSE NO.: 3:22-CV-667-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Richard A. Spann-El, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Miami Correctional Facility (MCF 21-07-0188) in which he was found guilty of battery against a staff member in violation of disciplinary code A-117. (ECF 1.) For the reasons stated below, the petition is denied.

The charge against Mr. Spann-El was initiated on July 13, 2021, when Officer R. Halsey wrote a conduct report stating as follows:

> On 7/13/21 at approximately 6:15 a.m., I Officer R. Halsey, was in my assigned unit of LHU. I was assisting in securing the unit upon their return from chow. I was at cell 303/304 when Offender Spann, Richard #178770 (LHU 304) approached me on my right side and leaned in and licked the right side of my face and ear. Yard staff was on the 1/2 side of the unit, so I went over and advised them of what had happened. Yard staff then came to the 3/4 side and placed Offender Spann in mechanical restraints and escorted him to OSB 1 holding cell. Due to his actions, Offender Spann is in violation of ADP code A 117 "Battery Against a Staff Member, Volunteer, Visitor or Contractor."

(ECF 7-1). On November 10, 2021, Mr. Spann-El was formally notified of the charge and given a copy of the conduct report.¹ (ECF 7-2; ECF 7-1 at 1.) He pled not guilty and requested a lay advocate, and one was appointed for him. (ECF 7-2; ECF 7-3.) He requested a witness statement from inmate Devon Johnson, who he said would state that he "[d]idn't see that happen." (ECF 7-2.) He also requested review of the surveillance video, which in his view would "show that didn't happen." (*Id.*)

Prior to the hearing, a statement was obtained from inmate Johnson, who stated, "I didn't see nothing. What he said at Door [sic]." (ECF 7-6.) The hearing officer, Angel Goodrich, reviewed the video evidence as requested and summarized it as follows:

> I (A, Goodridge) reviewed the DVR of Offender Spann, Richard #178770 in case MCF-21-07-0188 for battery against staff on 7-13-2021. You requested that DVR be reviewed for this incident.
> When I went to review DVR I am able to see that Officer Halsey is on the range. I can see that she goes to the area of cell 303 through 306. Due to the stair case being in my way I am unable to see if you lean in and lick the right side of her face. I can see that she appears to be trying to shut cell 305/306 but it won['t] secure. I can then see that she leaves the area under the stairs, and go[es] towards the other Officer that is on the range.
>
> They then walk down the range together, and then I can see that Officer Halsey goes to the 400 range to secure someone. Officer Halsey then goes to the 300 range around the back door. I can see that the other Officer then goes up stairs to the 400 range, and Officer Halsey walks back towards the front of the unit. I can see that Officer Halsey leaves the area and goes to the 1/2 side of the house.
>
> The other Officer that was on the ranges secures both you and your cell

---

¹ Mr. Spann-El was originally notified of the charge and screened on July 14, 2021. (ECF 7-1 at 1.) A hearing was held on the charge, but he was subsequently granted a re-hearing. (ECF 7-4 at 1; ECF 7 at 3 n.1.) He explains in his petition that this was because he was not given a lay advocate at the original hearing. (ECF 1 at 3.)

> mate into your room. I am then able to see that yard staff enter on the 3/4 side of the house and go to your cell. They remove you from the cell in restraints and remove you from the unit. Officer Halsey can be seen wiping her face like she has something on her face.

(ECF 7-5) (errors in original). The video evidence was not turned over to Mr. Spann-El so as not to disclose "camera capabilities." (*Id.*)

On November 23, 2021, the hearing officer held a hearing on the charge. (ECF 7-4.) She noted that Mr. Spann-El pled not guilty and made the following statement in his defense: "Ya'll got the [witness statement] & DVR. Halsey wasn't at my door they were gonna lock up my neighbors. It can't see anything happen in front of cell 303/304. Her statement is saying something that didn't happen." (*Id.*) The hearing officer considered this statement, along with staff reports, the witness statement, and the video evidence and found Mr. Spann-El guilty. (*Id.*) He was sanctioned with the loss of earned-time credits, temporary placement in restrictive housing, and a demotion in credit-earning class. (*Id.*) The hearing officer chose those sanctions due to the seriousness of the offense, the frequency and nature of Mr. Spann-El's disciplinary infractions, and the degree to which his conduct disrupted the facility and/or endangered staff. (*Id.*)

When prisoners lose earned-time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard by an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the decisionmaker of the evidence

3

relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there also must be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Mr. Spann-El's petition and traverse are in places difficult to decipher, but the court understands him to be raising the following claims: (1) there was insufficient evidence to support the guilty finding; and (2) the hearing officer was not impartial. (ECF 1 at 2-3; ECF 14.)

Mr. Spann-El first challenges the sufficiency of the evidence. He articulates this claim in a variety of different ways in his petition and traverse, including that he is "actually innocent," that the incident didn't happen, that the video of the incident and Officer Halsey's report do not match, that the incident couldn't have occurred because Officer Halsey did not call an emergency "signal," and that the witness statement from inmate Johnson showed he did not do anything. (ECF 1 at 2-3; ECF 14.)

In a disciplinary proceeding, evidence will satisfy due process if it passes the "some evidence" test. This "is a lenient standard, requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). "Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* A conduct report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Likewise, circumstantial evidence can be sufficient to satisfy the "some evidence" test. *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). Furthermore, it is not the province of the federal court to reweigh the evidence to make

4

its own determination of guilt or innocence. *Webb*, 224 F.3d at 652. Rather, the only question is whether there is some evidence to support the hearing officer's determination. *Id.*

Mr. Spann-El was found guilty of Offense A-117, "Battery Against a Staff Person, Volunteer, Visitor, or Contractor." (ECF 7-4) This offense is defined by the Indiana Department of Correction ("IDOC") disciplinary code as: "Committing battery against a staff person, volunteer, independent contractor, or visitor. (ECF 7-9 at 3.) Battery, in turn, is defined as "[k]nowingly or intentionally touching another person in a rude, insolent or angry manner; or in a in a rude, insolent, or angry manner placing any bodily fluid or bodily waste on another person."[2] (ECF 7-10 at 3.) The definition of "body fluid" includes "saliva" and "any other liquid produced by the body." (*Id.*)

The video evidence and Officer Halsey's account provide sufficient evidence that Mr. Spann-El violated this rule. Specifically, Officer Halsey stated that as she was carrying out her duties, Mr. Spann-El "approached me . . . and licked the right side of my face and ear." (ECF 7-1.) The court has reviewed the video evidence and contrary to Mr. Spann-El's arguments, it does not exculpate him. As the hearing officer noted, a portion of the incident occurs out of view behind a staircase. (*See* 7-5.) However, the video does corroborate aspects of Officer Halsey's account, and it certainly does not undercut it. It shows her interacting with Mr. Spann-El in the area under the stairs, and

---

[2] "Rude" and "insolent" are not defined by the disciplinary code, but Webster's Dictionary defines rude as "offensive in manner or action" or "discourteous." WEBSTER'S DICTIONARY, *Rude.* https://www.merriam-webster.com/dictionary/rude. Certainly licking someone's face without their permission qualifies as offensive or discourteous, and Mr. Spann-El does not argue otherwise.

5

then walking off quickly while wiping her face with her arm, as if she has something on her face. She wipes her face twice as she is walking. She then returns with several other officers, who shackle Mr. Spann-El, and can again be seen wiping the side of her face. This was not a criminal trial where guilt had to be proven beyond a reasonable doubt.[3] *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). There only had to be "some" evidence of guilt to satisfy due process. *Meeks*, 81 F.3d at 721. The report of Officer Halsey that Mr. Spann-El licked her face, coupled with the video evidence showing her wiping her face after their interaction, is sufficient evidence to support the guilty finding.

Mr. Spann-El makes a rather confusing argument about Officer Halsey being mistaken as to where this incident occurred. (ECF 7-1 at 1; ECF 14 at 7-8.) He appears to argue that their interaction occurred in front of the cell next to his, 305/306, rather than in front of his cell, 303/304. The fact that Officer Halsey may have been off by a few feet in reporting the location of the incident does not directly undercut her account that Mr. Spann-El licked her face during their interaction. Thus, even if he is right about this minor detail, it would not exculpate him from the battery charge. *See Meeks*, 81 F.3d at 720.

---

[3] He asserts that his guilt had to be proven "by a preponderance of the evidence," but this is incorrect. *See Hill*, 472 U.S. at 455. He also appears to request a jury trial, but the full panoply of rights available at a criminal trial are not applicable in the prison disciplinary context. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). Indeed, it is not proper for this court to reweigh the evidence to make its own determination of guilt or innocence; instead, the sole issue is whether the hearing officer's decision is supported by some evidence. *Webb*, 224 F.3d at 652.

If he is arguing that the alleged discrepancy about the location of the incident rendered the notice he received ineffective, such an argument is unavailing. Under *Wolff*, the notice given "should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). Mr. Spann-El received such notice. He was given significantly more than 24 hours advance notice of the hearing and received a copy of the conduct report. The report stated that he was charged with battery on a staff member and described the factual basis of the charge—his interaction with Officer Halsey on July 13, 2021, in the area near his cell. (ECF 7-1.) The conduct report provided all the information he needed to mount a defense. *Northern*, 326 F.3d at 911. He was clearly aware of the facts giving rise to the charge and did in fact mount a defense, obtaining a witness statement from inmate Johnson and arguing that the video evidence did not support Officer Halsey's account. He has not demonstrated that there was a flaw in the notice he received, or that any flaw prejudiced his ability to defend himself. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (harmless error analysis applies to prison disciplinary proceeding).

To the extent he is arguing that his rights were violated because he did not get to review the video himself, this argument is also unavailing.[4] Inmates have a due process right to request and present evidence when consistent with institutional safety and correctional goals. *Wolff*, 418 U.S. at 564. However, the right only extends to evidence

---

[4] He makes some confusing arguments about what happened in the first disciplinary hearing related to the video, but the issue before the court is whether his due process rights were violated at the re-hearing occurring in November 2021. As outlined in this order, the court has independently reviewed the video and finds that it is not exculpatory and instead corroborates Officer Halsey's account.

that is exculpatory. *Piggie*, 342 F.3d at 666; *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks*, 81 F.3d at 720.

Prior to the hearing, Mr. Spann-El requested a witness statement and a review of the surveillance video. (ECF 7-2.) This evidence was gathered and considered by the hearing officer. Although he was not given an opportunity to review the video evidence himself, under the Due Process Clause he had a right to request evidence in his defense, but not necessarily to personally review it. *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). That is because "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public." *Id.* The court has reviewed the video and concludes that it could compromise prison security to disclose this evidence to Mr. Spann-El, as it would reveal the location and capabilities of the prison surveillance system. *See Wolff*, 418 U.S. at 566; *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Based on the court's review, there is also nothing exculpatory in the video. *Meeks*, 81 F.3d at 720. He has not established a due process violation in connection with the video evidence.

Mr. Spann-El also claims that the hearing officer was not impartial. (ECF 1 at 2.) The Respondent points out that Mr. Spann-El did not exhaust this claim in his administrative appeals. (ECF 7 at 7-9.) Before a petitioner can obtain federal habeas relief, he must exhaust all available state administrative remedies, and the failure to do so constitutes a procedural default precluding habeas relief. 28 U.S.C. § 2254(b)(1)(A);

8

*Markham v. Clark*, 978 F.2d 993, 995-96 (7th Cir. 1992). In his first-level appeal, Mr. Spann-El argued only that there was insufficient evidence to support the guilty finding and did not raise any claim about the hearing officer's impartiality. (ECF 7-7 at 2.) He now argues that the claim is exhausted because he raised it in his second-level appeal (ECF 14 at 8), but to exhaust an inmate must assert his claim at each and every available level of state review. *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004).

Assuming for the sake of argument the claim is not defaulted, it would not entitle him to habeas relief. Prison adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie*, 342 F.3d at 666. Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decisionmaker in the case. *Id.* Due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id.*

Mr. Spann-El does not argue—nor does the record show—that the hearing officer was involved in the underlying incident leading to the disciplinary charge. Instead, his argument appears be that the hearing officer was not impartial because she found him guilty even though the evidence showed he didn't commit the offense. The mere fact that the hearing officer ruled against him does not establish impermissible bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Moreover, as explained above, the evidence was sufficient to support the hearing officer's decision, notwithstanding Mr. Spann-El's denials.

He also asserts that "DHB Goodridge filed a complaint against [Warden] William Hyatte because he told her to find all A's and B conducts guilty no matter what." (ECF 1 at 3.) There is no indication Mr. Spann-El witnessed the filing of a complaint by Officer Goodridge or that he has other personal knowledge to support this assertion.[5] The hearing officer has submitted an affidavit attesting that she never filed a complaint against Warden Hyatte and that the Warden never instructed her to find all inmates charged with a class A or B offense guilty, and Mr. Spann-El has not countered this evidence. (*See* ECF 7-12.) He has not overcome the presumption that the hearing officer was impartial. To the extent he is arguing that the hearing officer violated provisions of Indiana's prison disciplinary code during the hearing, this would not present a cognizable basis for granting him federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (errors of state law are not cognizable on federal habeas review); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (violation of state law or prison policy did not amount to a due process violation in prison disciplinary proceeding).

For these reasons, the court:

(1) GRANTS the Respondent's motion to maintain evidence under seal (ECF 8);

(2) DENIES the petition (ECF 1); and

(3) DIRECTS the clerk to close this case.

---

[5] Although he signed the petition under penalty of perjury, he appears to have placed various qualifiers on his declaration by referring to the Uniform Commercial Code and to "D/B/A: RICHARD A. SPANN ©™. Even assuming this qualifies as a valid signature, an assertion about what someone else told him amounts to hearsay. *See* FED. R. EVID. 801, 802.

10

SO ORDERED on March 28, 2023

                                                   s/ Michael G. Gotsch, Sr.
                                                   Michael G. Gotsch, Sr.
                                                   United States Magistrate Judge